

**ORDERED in the Southern District of Florida on December 14, 2010.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In Re:

EDUARDO RUIZ,                                  Case No. 10-14676-BKC-AJC

    Debtor.                                    Chapter 7
_____/

JPMORGAN CHASE BANK, N.A.,
                                                Adv. No. 10-3474-BKC-AJC-A
    Plaintiff,

vs.

EDUARDO RUIZ,

    Defendant.
_____/

### ORDER GRANTING ORE TENUS MOTION TO STRIKE
### AND DENYING MOTION TO DISMISS

1

On August 2, 2010 JPMorgan Chase Bank, N.A. ("Plaintiff") commenced this adversary proceeding by filing a four (4) count Complaint against the Debtor/Defendant ("Complaint") [Docket No. 1]. Count I of the Complaint alleges that the debt owed to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A). Count II is brought pursuant to 11 U.S.C. §523(a)(2)(B). Count III asserts the debt is non-dischargeable pursuant to 11 U.S.C. §523(a)(4). Count IV alleges the debt is non-dischargeable under 11 U.S.C. §523(a)(6). On August 31, 2010, Defendant filed the Motion to Dismiss ("Dismissal Motion") [Docket No. 8], alleging that Count III and Count IV of the Complaint "fail to state a causes of action upon which relief may be granted." The Dismissal Motion is brought pursuant to Federal Rule of Bankruptcy Procedure 7012 which incorporates Federal Rule of Civil Procedure 12 (b)(6). Count I and Count II are not challenged. On October 5, 2010, the Plaintiff filed its Response in Opposition to Defendant's Motion to Dismiss [Docket No. 12]. On October 6, 2010, the Court conducted a hearing to consider the Dismissal Motion.

At the hearing, the Defendant sought an order striking the Plaintiff's response as untimely. It appears the response was indeed untimely filed and is stricken from the record. Notwithstanding, based upon the parties arguments and post-hearing submissions, the Court denies the Dismissal Motion.

**STANDARD OF REVIEW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Any decision on a motion to dismiss a complaint for failure to state a cause of action must be based on a review of the four corners of the Complaint and documents referred to therein that are central to the claims at issue. *Griffin Industries v. Irvin*, 496 F.3d.1189, 1199

2

(11th Cir. 2007); *Wilchombe v. TeeVee Tunes, Inc.,* 555 F.3d. 949, 959 (11th Cir. 2009). All factual allegations in the complaint must be deemed as true, and all reasonable inferences derived from those facts must be taken in the light most favorable to the Plaintiff. *Hill v. White,* 321 F.3d.1334, 1335 (11th Cir. 2003). A motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012 incorporating Federal Rule of Civil Procedure 12(b)(6) should not be taken lightly, because granting the motion to dismiss effectively terminates a Plaintiff's case. *In re Carter,* 411 B.R. 730, 734 (Bankr. M.D. Fla. 2009).

Federal Rule of Bankruptcy Procedure 7008 incorporates Federal Rule of Civil Procedure 8. Federal Rule of Civil Procedure 8(a)(2) specifies that a complaint must contain a "short and plain statement of the claims showing that the pleader is entitled to relief in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests." A complaint must contain sufficient factual matter, accepted as true, to state a claim which is plausible on its face. Determining whether a complaint states a plausible claim is a context-specific task. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 1950 (2009); *see also Bell Atl Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Facial plausibility is shown when the facts plead allow the Court to draw a reasonable inference that the Defendant is liable for the misconduct. *Iqbal,* 129 S. Ct. at 1949.

## THE COMPLAINT

The Complaint is plead is 43 paragraphs. The specific factual allegations against the Defendant in the Complaint include the following allegations. Plaintiff is the holder of a secured claim in excess of $169,325.41 ("Obligation") against the Defendant arising from a Retail Installment Sale Contract ("Agreement") involving the purchase by the Defendant of a 2007

MERCEDES CL600, VIN: WDDEJ76XX7A005877 ("Vehicle") on or about June 30, 2007. Under the Agreement, the Defendant was to make monthly payments to the Plaintiff in the amount of $2,903.28. The Complaint asserts that it attaches true and correct copies of the Agreement and related lien perfection documents as composite Exhibit "A."

To obtain credit, the Defendant provided the Applicant's Credit Statement ("Credit Application") to Plaintiff. In his Credit Application, the Defendant represented that his income from employment with US Mortgage Bankers was $250,000.00 annually. The Complaint further asserts that the Defendant later reported to the Internal Revenue Service that his total taxable income for 2007 was only $24,080.00. The Complaint states that the information the Defendant provided in the Credit Application is materially false with respect to his financial condition and was made or published by the Defendant with the intent to deceive. Plaintiff asserts that it reasonably relied on Defendant's false statements. An alleged true and correct copy of the Credit Application is attached to the Complaint as Exhibit "B."

Defendant defaulted on the terms of the Agreement by failing to make regular contract payments beginning June 14, 2009. Plaintiff elected to accelerate the Obligation under the Agreement and take possession of the Vehicle. Plaintiff sought and obtained a Final Judgment of Replevin in an attempt to recover the Vehicle. The Defendant refused to reveal the location of the Vehicle so the Plaintiff sought an order of contempt from the Miami-Dade County Circuit Court. Before a hearing could be held on the contempt, the Defendant filed his bankruptcy petition.

On April 1, 2010, Plaintiff filed its Motion to Lift Automatic Stay in the main bankruptcy case. On April 19, 2010, this Court entered an Order Granting Motion to Lift Automatic Stay.

Also alleged in the Complaint is that on June 23, 2010, counsel for the Plaintiff conducted a Rule 2004 Examination of the Defendant. A number of the specific allegations in the Complaint apparently come from the testimony of the Defendant given at that examination under oath, including the following allegations in the Complaint, all of which are presumed to be true:

The Complaint's allegations seem to rely on statements made at the Rule 2004 Examination by the Defendant. The Complaint alleges the Defendant described his occupation as "wholesaling of cars". He stated he was not a licensed as an automobile dealer, but he has been involved in automobile sales since 1986. The Defendant admitted that he purchased the Vehicle without the intent to personally repay the Plaintiff. The Defendant testified that the vehicle was purchased for Aldrin Pita a/k/a, "El Rubio"("Pita"). The Defendant used his personal credit to obtain financing because Pita's credit was inadequate to obtain financing for the Vehicle. The Defendant admitted during his Rule 2004 Examination, that he immediately gave possession of the Vehicle to Pita. The Defendant never disclosed this fact and never disclosed his intention to purchase the Vehicle for another to the dealer or to the Plaintiff. The Defendant further testified at his Rule 2004 Examination that he would receive an amount equal to the monthly payment from Pita, and then the Defendant would make a scheduled payment to the Plaintiff using a personal check so it would seem as if the Defendant were complying with the Agreement. The Defendant never disclosed this fact to the Plaintiff.

The Defendant testified at his Rule 2004 Examination that in the summer of 2008, Pita ceased sending him payments on the Vehicle. The Defendant recovered the Vehicle from Pita. Instead of surrendering the vehicle to the Plaintiff, the Defendant gave possession of the Vehicle to Juan Soto ("Soto") under the same arrangement he had with Pita, where Soto was to pay the

5

Defendant, and he in turn, would pay the Plaintiff. Defendant never disclosed this fact to Plaintiff. The Vehicle has never been recovered, and the Plaintiff asserts that the Defendant's actions toward it were intentionally designed and calculated to defraud and harm the Plaintiff. The Plaintiff calculates its loss to be in excess of $169,325.41.

### Count III:  11 U.S.C. 523(a)(4)

Section 523 (a)(4) of the Bankruptcy Code is divided into disjunctive sections and provides for the exception to discharge of debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement**, or** larceny." 11 U.S.C. § 523 (a)(4)(emphasis added).

The Defendant argues in part, that Count III must fail because there are no allegations in the Complaint of either (a) a fiduciary relationship between the Plaintiff and Defendant, or (b) embezzlement by the Defendant.

Count III of the Complaint, specifically asserts that the Defendant committed larceny. There is no need for an allegation of fiduciary relationship or embezzlement when the theory of the 523(a)(4) action is larceny. *McDowell v Stein*, 415 B.R. 584 594 (S.D. Fla. 2009). Larceny is not defined in the Bankruptcy Code but for 11 U.S.C. § 523 (a)(4) purposes, Courts look to the federal common law standard of larceny. *In re Deerey,* 371 B.R. 525, 534 (Bankr. M.D. Fla 2007). Larceny is the felonious taking of another's personal property with the intent to convert it or deprive the owner of the same. *In re Labidou*, 2009 WL 2913483( Bankr. S.D. Fla.) citing *In re Langworthy,* 121 B.R. 903, 907 (Bankr. M.D. Fla. 1990). In essence, for an act to qualify as larceny as the term is used in 11 U.S.C. § 523 (a)(4), the Plaintiff must allege facts sufficient to show the Defendant's intention to steal. *In re Lynch,* 315 B.R. 173, 181(Bankr. D. Colo. 2004).

The allegations in the four corners of the Complaint taken in the light most favorable to

the Plaintiff allege an "intention to steal" sufficient to support an action under 11 U.S.C. § 523 (a)(4). The Defendant argues there are contradictions within the allegations of the Complaint that somehow "void" the necessary allegation of "intent to steal".  The Court does not agree.  While the Plaintiff may not be able to prove all the allegations of the Complaint, specifically the requisite intent, the Complaint contains sufficient allegations to state a claim under 11 U.S.C. § 523 (a)(4).

Counts III provides the Defendant with a short and plain statement of the claims supporting Plaintiff's entitlement to relief, giving the Defendant fair notice of the Plaintiff's claim and the grounds upon which it rests.  Count III shall stand.

### Count IV:  11 U.S.C. 523(a)(6)

Count IV alleges that the Obligation is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6), wilful and malicious injury.  Non-dischargeability under 11 U.S.C. § 523(a)(6) requires a plaintiff to allege that a defendant performed an intentional act, and that the defendant performed the act with the actual intent to cause the injury to the plaintiff, or that injury would be a substantial certainty from the act. *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S. Ct. 974, 140 L. Ed 2d. 90 (1998).  An action under 11 U.S.C. § 523 (a)(6) can be sustained if the Defendant willfully and maliciously injured the Plaintiff or the property of the Plaintiff.  *In re Cuenant,* 339 B.R. 262, 277 (Bankr. M.D. Fla. 2006).

The Complaint specifically alleges that the Defendant performed intentional acts including:

    a.    misrepresenting to the Plaintiff that he was the true purchaser of the Vehicle to obtain the loan, when at the time of the purchase he knew these facts to be false;

7

    b. immediately transferring possession of the Vehicle to a third party, without the knowledge or consent of the Plaintiff;

    c. recovering the Vehicle from the original third party to whom the Defendant transferred the Vehicle, then transferring it to another party without the knowledge or consent of the Plaintiff; and

    d. failing to keep the Vehicle in his possession or to provide its location to the Plaintiff so it could be recovered (the Vehicle has never been recovered).

  The Complaint further asserts that the Defendant performed these intentional acts with the intent to cause harm to the Plaintiff. Taken in the light most favorable to the Plaintiff, the Complaint makes sufficient allegations against the Defendant to support the claim that the Defendant's actions were designed to intentionally harm the Plaintiff, and that the Plaintiff was harmed.

  When taken as a whole and read in context, the allegations in the Complaint assert that the Defendant engaged in tortious, if not criminal, conduct toward the Plaintiff. Count IV sets forth sufficient allegations to advise the Defendant of the nature of the action against him and of the factual allegations which are alleged to violate 11 U.S.C. § 523 (a)(6). Count IV is sufficient to advise the Defendant, in a short and plain statement, of the claims against him and Plaintiff's entitlement to relief, providing the Defendant fair notice of the claims.

  The Defendant believes that, under the facts alleged (i.e. Defendant paid Plaintiff for the automobile for 2 years), it is "suspect" that Defendant "wilfully and maliciously" intended his actions to harm the Plaintiff. Although the Defendant may ultimately be correct, that is not the standard used by the Court in determining a motion to dismiss. Accordingly, for the reasons

stated herein, it is

    ORDERED AND ADJUDGED as follows:

1. The *ore tenus* Motion to Strike Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [Docket No. 12] is GRANTED and the Dismissal Motion [Docket No. 8] is DENIED.

2. The Defendant is given 14 days from the date of this Order to file an answer to all counts of the Complaint.

3. A further Pretrial Conference is scheduled for March 21, 2011 at 10:00 AM in Courtroom 1410, 51 SW First Avenue, Miami, FL, 33130.

4. All discovery deadlines set forth in the Order Setting Filing and Disclosure Requirements for Pretrial and Trial are extended relative to the rescheduled Pretrial Conference in paragraph 3.

###

Submitted by:
David E. Hicks, Esq.
Dennis LeVine & Associates, P.A.
P.O. Box 707
Tampa, FL 33601-0707

Copies to:
David E. Hicks, Esq.
Dennis LeVine & Associates, P.A.
 P.O. Box 707
Tampa, FL 33601-0707

Eduardo Ruiz
8735 SW 122nd St.
Miami, FL 33176-5207

Timothy S. Kingcade, Esq.
1370 Coral Way
Miami, FL 33145

10